## CIRCUIT COURT OF HIGHLAND COUNTY

Jeanne Shuck Cohen

v.

Alan Cohen

December 14, 1984

By JUDGE DUNCAN M. BYRD, JR.

The current issue for resolution by the Court in this matter is whether or not the parties reconciled. The Court has reviewed the evidence, authorities and arguments of counsel. The Court agrees with the position of the Defendant that he must prove reconciliation by a preponderance of the evidence and that mutual application pursuant to *Code of Virginia, 1950*, as amended, § 20-120 is not controlling or applicable. The parties are in agreement that the public policy of the Commonwealth of Virginia is to encourage reconciliation of separated spouses and to preserve marriage. *Coe* v. *Coe*, 225 Va. 616 (1983).

The undisputed facts in this case are that the Complainant went to the Defendant's residence in Hollywood, Florida, on December 10, 1983, for the purpose of perfecting a reconciliation. She remained there until December 31, 1983, when she left unannounced. There is substantial factual conflict as to the degree and extent of cohabitation/living together during the period in question.

While the Court agrees with the Defendant that the facts of *Roberts* v. *Pace*, 193 Va. 156 (1951), are distinguishable from the case at bar, the rule of law in *Roberts* is applicable.

> Mere casual cohabitation between the parties, after the separation, unaccompanied by resumption of normal married life together, or reasonable explanation for their failure to do so, is

not sufficient to show a reconciliation or an agreement to live and cohabit together again on a permanent basis as husband and wife. *Id.* at 159.

In that case, the Court found "cohabitation on a spasmodic basis on out-of-town trips" and concluded that "such evanescent acts of marital relationship cannot be dignified into the status of a reconciliation in the sense demanded by society of a husband and wife living with each other on a permanent basis." *Id.* at 161.

Also the facts and law of *Tarr v. Tarr*, 184 Va. 443 (1945), are distinguishable but the opinion sheds light upon the importance of sexual relations. Admittedly, the Court in *Tarr* is addressing cohabitation in the context of condonation as a defense to adultery, as grounds for divorce. Nevertheless the Court stated, "the literal or derivative meaning of the word cohabit is to live together while its popular and often legal signification is to copulate." *Id.* 448. The Court also stated that the literal meaning of "voluntarily cohabited" is "having dwelled together under the same roof with more or less permanency." *Id.* This Court makes a point of this because the Court's finding of fact is that there was substantial sexual contact and relations between the parties during the period December 10, 1983, to December 31, 1983.

Whether or not there was a reconciliation must be determined on a case by case basis. As stated by the Defendant:

> The parties to this proceeding live an unusual lifestyle, which might be characterized as nomadic in nature. Certainly, their living arrangements and comings and goings over the years as detailed by the evidence in various proceedings in this suit indicate a lifestyle that is different from the conventional conduct of most. Defendants Memorandum, page 2.

The rule of *Roberts v. Pace*, 193 Va. 156 (1951), is stated in the negative. However, in the affirmative the rule could be stated resumption of normal married life together accompanied by some usual acts of cohabitation is sufficient to show reconciliation.

What is "normal married life together" must be viewed in the context of the lifestyle and type of relationship which existed between the parties prior to the separation. When this is done, in this case, the Court is of the opinion that the evidence establishes clearly that there was a resumption of "normal married life together" and thus a reconciliation, notwithstanding the fact that the reconciliation was shortlived.